## UNITED STATES AGENCY v. METROPOLITAN LUMBER COMPANY.

Decided May 17, 1927.

**Contracts—Breach of Contract by Defendant to Sell Certain Mortgages to Plaintiff's Assignor—Judgment For Plaintiff —All Grounds Urged by Defendant For Making Rule Absolute Considered and Rule Discharged.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-CHARD.

For the rule, *Edward R. McGlynn.*

*Contra, Reed & Reynolds.*

PER CURIAM.

This action was founded on a contract under which the defendant agreed to sell and the plaintiff's assignor, the United States Mortgage, &c., Company, agreed to purchase, two mortgages of $60,000 each for the sum of $108,000. Both mortgages were first liens, one upon property known as 996 Broad street, Newark, and the other upon property known as 1076-1078, on the same street. The defendant refused to perform the contract, and the present plaintiff, who was the assignor of the United States Mortgage, &c., Company, brought suit to recover the amount of the loss sustained by its assignor by reason of such refusal. The trial resulted in a verdict in favor of the plaintiff for $4,800, and the defendant thereupon obtained a rule to show cause why this verdict should not be set aside.

The first ground urged by counsel for making the rule absolute is that the trial court erred in permitting the plaintiff to introduce evidence as to the market value of the

mortgages at the time of the breaching of the contract. We consider that there was no error in the admission of this testimony.

Next, it is contended that the trial court erred in refusing to permit questions which, it is alleged, were pertinent upon the subject of damages. In our opinion, the testimony referred to in support of this contention had no relevancy upon this subject, and was therefore properly excluded as being immaterial.

Counsel further argues that there were certain errors in the charge to the jury, and points out the excerpts in which, as he contends, such errors appear. It seems to us that, when read in connection with the rest of the charge, the instructions complained of contain no injurious error, and that, consequently, the rule ought not to be made absolute upon this ground.

The last point is that the court improperly refused to charge a certain request submitted by the defendant. Our examination of the request and of the charge leads us to the conclusion that the instruction prayed for was given to the jury, so far as it had any application to the subject-matter of the litigation under the proofs submitted.

The rule to show cause will be discharged.